UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BERNABE POLANCO,

v.  Case No. 3:05-cr-393-J-33MCR
    3:08-cv-755-J-33MCR

UNITED STATES OF AMERICA.

## O R D E R

This cause is before the Court on Defendant Bernabe Polanco's timely-filed 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-614). A review of the record demonstrates that, for the following reasons, the motion to vacate must be **denied.**

## PROCEDURAL HISTORY

On December 8, 2005, Polanco was named in a one-count Indictment charging him with conspiracy to distribute five kilograms or more of cocaine and 100 kilograms or more of marihuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. (Doc. cr-1). On May 1, 2007, Polanco entered a guilty plea to this count pursuant to a plea agreement with the United States. (Doc. cr-517). On July 25, 2007, Polanco was sentenced to 120 months imprisonment to be followed by five years supervised release. (Doc. cr-548). Polanco did not file a notice of appeal. On July 31, 2008, Polanco timely filed the present 28 U.S.C. § 2255 motion to vacate. (Doc. cv-1; cr-614).

## FACTS AND ALLEGATIONS

Polanco claims that his counsel failed to object to the relevant conduct determination

by the United States Probation Office which was then accepted by the Court and that the determination of the relevant conduct was based upon unreliable evidence not supported by the record. (Doc. cv-2 at 4, 6-7). Polanco further claims that his counsel failed to conduct a reasonably adequate pre-trial investigation, and that his counsel failed to challenge the sufficiency of the government's factual basis during the Rule 11 hearing. (Doc. cv-2) .

Any claims as to ineffective assistance prior to Polanco's plea, however, were waived when Polanco entered his guilty plea. *See Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (pre-plea ineffectiveness waiver). The transcript from the plea colloquy clearly illustrates that Polanco knowingly and voluntarily entered his plea. (Doc. cr-621 at 23). Polanco may not assert he knowingly and voluntarily entered his plea during the careful and detailed Rule 11 colloquy, then later contend that his statements were false. *United States v. Stitzer*, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986). Polanco has not shown that his plea was entered unknowingly or involuntarily, and this claim must be denied. Moreover, Polanco stipulated and agreed in the plea agreement that his base offense level should be calculated at offense level 32, and advised the Court at the change of plea colloquy that he understood that provision. (Doc. cr-621 at 14). Additionally, the factual basis indicated that the "readily provable amount of cocaine and marihuana attributable to Polanco equates under the Sentencing Guidelines to a level 32." At the change of plea colloquy, Polanco was asked, "With respect to the references in the factual basis referring to you, Mr. Polanco, is that what you did?" Polanco answered, "Yes, your honor." (Doc. cr-621 at 22-23). At sentencing, Polanco's base offense level was determined to be, in fact, level 32, just as Polanco had agreed was the appropriate level based upon his relevant

conduct. Therefore, Polanco cannot now claim that his attorney should have objected to the determination that Polanco's relevant conduct equated to offense level 32.

## COLLATERAL WAIVER

If it is clear from the plea agreement and the Rule 11 colloquy that Polanco knowingly and voluntarily waived his right to collaterally attack his sentence, "that waiver should be enforced without requiring the government to brief the merits of the [section 2255 motion]." *United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997) (addressing appeal waiver). Here, the record plainly demonstrates that Polanco waived his right to collaterally challenge his sentence, and this Court will deny Polanco's section 2255 motion without requiring further response from the United States.

The right to collaterally challenge a sentence is statutory and can be waived if done so knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir.), *cert denied*, 126 S. Ct. 246 (2005). For this Court to enforce such a waiver, the United States need only demonstrate either (1) that the district court specifically questioned Polanco concerning the waiver during the Fed. R. Crim. P. 11 colloquy or (2) that it is manifestly clear from the record that Polanco otherwise understood the full significance of the waiver. *United States v. Bushert,* 997 F.2d 1343, 1351 (11th Cir. 1993) (addressing appeal waiver).

In this case, Polanco expressly waived his right to appeal his sentence "directly or collaterally, on any ground . . . except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines." (Doc. cr-621 at 16-17). Furthermore, he confirmed at his change-of-plea hearing that he understood the waiver, and he knowingly and voluntarily

waived his right to collaterally challenge his sentence. (Doc. cr-621 at 17). Consequently, Polanco may not collaterally challenge his sentence, as he purports to do here. *See Williams,* 396 F.3d at 1342 (holding a plea-agreement waiver provision identical to the one at issue here "preclude[d] a § 2255 claim[ ] based on ineffective assistance at sentencing").

Indeed, for this Court to entertain the issue that Polanco raises in this collateral attack would permit him a challenge in contravention of the plain meaning of his plea agreement and deny the United States the benefit for which it bargained. *See Buchanan*, 131 F.3d at 1008; *see also United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995) (holding defendant exchanged his right to appeal for prosecutorial concessions, thus "he cannot have his cake and eat it too"). Here, Polanco admitted his guilt and agreed not to collaterally attack his sentence in exchange for the United States' agreeing to, among other things, recommend a three-level downward adjustment for acceptance of responsibility; stipulate to a base offense level of 32; and consider any substantial assistance rendered by Polanco for a potential motion for downward departure. (Doc. cr-517). Polanco cannot now circumvent the unambiguous terms of his plea agreement.

**POLANCO'S OBJECTIONS TO THE GOVERNMENT'S RESPONSE**

Polanco's objections to the government's response are not persuasive. (See Doc. cv-7).

**Accordingly, the Court orders**:

That Polanco's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-1; cr-614) is denied. The Clerk is directed to enter judgment for the government in the civil case and to close that case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances. Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on December 2, 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

AUSA: Julie Hackenberry Savell
Bernabe Polanco